UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY,<br><br>              Plaintiff,<br>vs.<br><br>Approximately 1.5152 acres of land, more or less, in Union County, South Dakota, and as further described herein,<br><br>Donnelly Farms Limited Partnership,<br><br>Lumen Technologies, Inc., f/k/a Northwest Bell Telephone Company,<br><br>and all other Unknown Owners.<br><br>              Defendants. | Case No. 4:24-cv-4227<br><br>**CONDEMNATION COMPLAINT** |

Plaintiff, Northern Natural Gas Company ("Northern"), by and through its attorneys, and for its complaint against Defendants, states and alleges as follows.

## PARTIES

1. Plaintiff Northern is a corporation organized under the laws of the State of Delaware and authorized to do business in the State of South Dakota. Northern's principal place of business is located at 1111 South 103rd Street, Omaha, NE 68124-1000.

2. Northern is natural gas company, as defined by Section 2(6) of the Natural Gas Act (15 U.S.C. § 717a).

3. Defendant Donnelly Farms Limited Partnership ("Donnelly Farms") owns in fee simple a portion of real property located in Union County, South Dakota ("Subject Tract"), across, under, and upon which Northern seeks to acquire a permanent easement by exercising Northern's authorized right of eminent domain.

4. Northern has conducted a reasonably diligent search of public records maintained in Union County, State of South Dakota, in order to ascertain all parties owning or claiming an interest in the Subject Tract.

5. Defendants include all persons appearing of record or known by Northern to be owners or otherwise interested parties in the Subject Tract, including all persons or entities whom Northern has been able to discover through reasonably diligent investigation and inquiry (collectively "Property Owners").

6. Additionally, there may be other persons or entities who have or may claim an interest in the Subject Tract whose names are currently unknown, and whom upon diligent inquiry have yet to be ascertained. Such persons are designated as "Unknown Owners" and are made party defendants hereto.

## JURISDICTION, VENUE, AND AUTHORITY FOR THE TAKING

7. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 717f(h) and 28 U.S.C. § 1331.

8. The amounts claimed by the owners of the properties to be condemned exceed the sum of $3,000.00 as required by 15 U.S.C. § 717f(h).

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

10. Northern is the holder of a valid Certificate of Public Convenience and Necessity ("Certificate") issued by the United States Federal Energy Regulatory Commission ("FERC"), authorizing Northern to exercise the power of eminent domain to construct and operate approximately 87.3 miles of natural gas pipelines and to modify existing and install new above-ground facilities to be used for the transportation of natural gas in interstate commerce.

11. The FERC issued its Order Issuing Certificate and Abandonment ("FERC Order") on March 22, 2021, authorizing Northern to abandon a segment of its M561 A-Line ("A-Line") and Jackson and Ponca natural gas pipelines, located in Dakota and Dixon Counties, Nebraska; and to replace the capacity associated with the abandoned facilities as part of Northern's South Sioux City to Sioux Falls A-Line Replacement Project (the "Project"). A true and correct copy of the FERC Order is attached hereto as **Exhibit A** and incorporated herein by reference.

12. The A-Line and associated facilities were originally constructed in the 1940s and 1950s. Northern proposed to abandon portions of the A-Line facilities to eliminate safety risks associated with the aging facilities. The FERC determined that public convenience and necessity required approval of the Project as necessary to replace capacity lost by the abandonment of several segments of the A-Line due to operational and integrity issues associated with the aging facilities.

13. Northern is the holder of existing easements for property owned by Donnelly Farms, which along with easements from other landowners, allowed Northern to acquire the property rights necessary to construct, operate, and maintain approximately 87.3 miles of various diameter underground natural gas pipelines and to modify and install 20 new or modified above-ground facilities as part of the Project.

14. The Project extended from Northern's existing natural gas facilities in Dakota County, Nebraska, through Union County, South Dakota, and terminates in Lincoln County, South Dakota. A map of the route for the Project is attached as **Exhibit B.**

15. Through mutual mistake of both Northern and Donnelly Farms, Northern does not currently possess an easement for the placement of the pipeline facilities on the Subject Tract. Donnelly Farms voluntarily provided Northern easements on each side of the Subject Tract, but through mutual mistake, Northern did not acquire the easement for the Subject Tract.

16. Northern has already installed the pipeline facilities on the Subject Tract for the Project based upon the good faith belief that it held an easement authorizing it to do so.

17. Donnelly Farms and Northern have been unable to reach an agreement voluntarily granting Northern an easement for the Subject Tract.

## COUNT 1

### (Condemnation by Eminent Domain)

18. Northern incorporates paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The FERC Order and Certificate authorize Northern to construct, operate, and maintain the Project and to secure the property rights required through the exercise of eminent domain pursuant to 15 U.S.C. § 717f.

20. Northern seeks to acquire permanent easement and access rights (collectively "Easements") required for the replacement of its A-Line natural gas pipeline facilities in Union County, South Dakota, and as needed to continue operating, accessing, replacing, and maintaining the natural gas pipeline and associated facilities.

21. Northern previously analyzed and surveyed alternate routes to be used in the construction of the Project and has determined that the Easements are located in a manner that are the most likely to produce the greatest public benefit, with the least amount of private injury. The Easements Northern seeks to condemn constitute the minimum interests necessary for the Project and are located within the routes previously designated and approved by FERC.

22. True and accurate copies of a map depicting the FERC-approved route of the Project across the Subject Tract is attached hereto as **Exhibit B** and incorporated herein by reference.

23. **Exhibit C**, attached hereto and incorporated herein by reference, contains the following information for the Subject Tract: (1) the legal description and identification of the Subject Tract; (2) the nature and interest of each Property Owner as can be ascertained; and (3) the legal description and location of the Easement to be acquired on each Subject Tract. Pursuant to Fed. R. Civ. P. 71.1(c), **Exhibit C** identifies the location of each Subject Tract, the interests to be acquired on each Subject Tract, and each ascertainable Property Owner who has been joined as an owner or owner of an interest in each Subject Tract.

24. An exemplary Easement document containing the rights and obligations for the Easement sought to be acquired by Northern on the Subject Tract are reflected on **Exhibit D**, which is incorporated herein by reference.

25. **Exhibit E**, attached hereto and incorporated herein by reference, contains a map and legal description depicting the locations of the Easement on the Subject Tract.

26. Except for the Subject Tract, Northern has previously secured all easements for the Project, including securing voluntary agreements with approximately 93% of the owners of land over which the Project traversed.

27. Northern has engaged in good faith efforts to negotiate with the Property Owners to acquire the Easements necessary to construct, operate, and maintain the Project on the Subject Tract. As part of its good faith efforts, Northern sought to reach an agreement with the Property Owners regarding the amount of just compensation required to acquire the property interests necessary to construct, operate, and maintain the Project.

28. Despite Northern's good faith attempts to procure the Easements by voluntary contract, Northern has been unable to acquire the property rights necessary to complete the Project. Northern is entitled to acquire the foregoing Easements by eminent domain, and the Court should

grant Northern a judgment awarding it the Easements on the Subject Tract provided Northern pays the just compensation for the Easements in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as follows:

    a.    That Judgment be rendered in favor of Northern, and against Defendants and Other Unknown Defendants, granting Northern the Easements described herein on the Subject Tract;

    b.    That just compensation be ascertained and awarded to Defendants and Other Unknown Defendants, to be divided among the Defendants and Other Unknown Defendants as decided by the Court;

    c.    An award of Northern's costs and disbursements in this case; and

    d.    For such other and further relief as the Court deems just and equitable.

Dated this 27th day of December, 2024.

Jason R. Sutton
Kristin N. Derenge
BOYCE LAW FIRM, L.L.P.
300 S. Main Avenue
P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
jrsutton@boycelaw.com
knderenge@boycelaw.com
*Attorneys for the Plaintiff*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Northern Natural Gas Company

## DEFENDANTS
Approximately 1.5152 acres of land, et al.

**(b)** County of Residence of First Listed Plaintiff: **Douglas County, NE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Union County, SD**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason R. Sutton, Kristin N. Derenge, Boyce Law Firm, LLP, 300 S. Main Ave., PO Box 5015, Sioux Falls, SD

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 863 DIWC/DIWW (405(g)) | |
| | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| [x] 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC §717f(h)
Brief description of cause:
Condemnation by eminent domain under Natural Gas Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: December 27, 2024
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.